IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARCUS RINGOLD, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CIV A. NO. 24-0285-JB-MU |
| SAM HOUSTON, *et al.*, | ) ) ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| MARCUS RINGOLD, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CIV A. NO. 24-0311-KD-MU |
| PAUL BURCH, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Marcus Ringold, proceeding without an attorney (or *pro se*) filed two complaints pursuant to 42 U.S.C. § 1983, while detained at Mobile County Metro Jail. In one, Civil Action 24-285-KD-MU ("case 1" or "CA 24-285"), Plaintiff alleged he was being denied kosher meals in violation of his first amendment right to practice his religion. (CA 24-285, Doc. 1). In the other, Civil Action 24-311-KD-MU ("case 2" or "CA 24-311"), Plaintiff challenged the conditions of his confinement. (CA 24-311, Doc. 1). Both actions were initially filed in August 2024. Since filing the actions, however, Plaintiff has failed to prosecute the actions and comply with the Court's orders. Accordingly, the undersigned **RECOMMENDS** that both of Plaintiff's actions be **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b).

## I. <u>Background</u>

Plaintiff's initial complaints in cases 1 and 2 were filed without the required filing fees or motions to proceed without prepayment of fees. Accordingly, the Court ordered Plaintiff to pay $405 in costs and fees or, if he could not pay this amount, to complete and file this Court's form for a motion to proceed without prepayment of fees. (CA 24-285, Doc. 3; CA 24-311, Doc. 4). The Court warned Plaintiff that his motions must include a certified financial statement containing all transactions from his inmate account for the 6-month period immediately preceding the filing of the complaint. (*Id.*). Plaintiff was warned that failure to comply with the order by the deadline could cause his action to be dismissed for failure to prosecute and to comply with the Court's order. The Court also instructed Plaintiff that "the failure to notify the Court immediately of a change in his address will result in a recommendation that his action be dismissed for failure to prosecute and comply with the Court's order." (*Id.*).

In response, Plaintiff filed a motion to proceed without prepayment of fees which was entered in cases 1 and 2. (*See* CA 24-285, Doc. 4; CA 24-311, Doc. 5). The motion, however, was incomplete because it lacked the certified financial statement required by 28 U.S.C. § 1915(a)(2).[1] Plaintiff explained in his motion that he was

---

[1] Pursuant to 28 U.S.C. § 1915(a)(2):

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

2

unable to get a copy of his account statement because he "was told that [he] would need a subpoena to get a copy of [his] account." (*See* CA 24-285, Doc. 4-1 at 1; CA 24-311, Doc. 5-1 at 1). Based on this explanation, the Court contacted the Mobile County Metro Jail money clerk, by email on September 30, 2024, to inquire about the situation. The money clerk responded that she had not spoken to or heard from Mr. Ringold but that she would look into the matter and would assist him. Thus, the Court again ordered Plaintiff to file a complete motion to proceed without prepayment of fees on or before November 22, 2024 in case 1 and by December 19, 2024 in case 2. *(See* CA 24-285, Doc. 5; CA 24-311, Doc. 6). The Court again warned Plaintiff that failure to file his motion by the deadline or to notify the Court immediately of a change in his address would result in a recommendation that his actions be dismissed for failure to prosecute and to comply with the Court's order. (*Id.*). This order was mailed to Plaintiff at his provided and last known address at Mobile County Metro Jail, but was returned as undeliverable, with the envelope "RETURN TO SENDER NO LONGER HERE." (*See* CA 24-285, Doc. 6; CA 24-311, Doc. 7).

     To date, Plaintiff has not filed a completed form for a motion to proceed without prepayment of fees as ordered, nor has he communicated with the Court in any manner. Additionally, it appears that Plaintiff is no longer incarcerated at Mobile County Metro Jail, but he did not inform the Court of his release or provide a new address. Indeed, the Court has confirmed by a telephone conversation with Mobile County Metro Jail staff on December 4, 2024, that Plaintiff is no longer being detained at Mobile County Metro Jail. Pursuant to independent internet searches conducted by the Court, the Court is also unable to locate the whereabouts of Plaintiff.

## II. Dismissal

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute under both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also* S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law."). The deadline for compliance with the Court's orders in cases 1 and 2 has passed, and Plaintiff has failed to file a completed motion to proceed without the prepayment of fees in either case. Plaintiff has also failed to update the Court as to his release from Mobile County Metro Jail or provide a new address or contact information in either case. Accordingly, the Court has no means to communicate with Plaintiff.

Upon consideration of these facts and of the alternatives available to the Court, the undersigned **RECOMMENDS** that these actions, CA 24-285 and CA 24-311, be **DISMISSED without prejudice** for failure to prosecute, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution).

## III. Conclusion

In accordance with the foregoing, it is hereby **RECOMMENDED** that Plaintiff's complaints (Doc. 1 in each action) be **DISMISSED without prejudice.**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the

manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **7th** day of **January 2025**.

                                          **/s/ P. BRADLEY MURRAY**
                                          **UNITED STATES MAGISTRATE JUDGE**